PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JESÚS CARRIÓN, Defendant and Appellant.

No. 4047.   Argued February 20, 1930.—Decided February 24, 1930.

*F. M. Susoni,* for appellant.   *R. A. Gómez,* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Jesús Carrión was charged with aggravated assault and battery committed upon the person of Mariana Santiago. On appeal, the case was tried *de novo* in the District Court of Arecibo, which convicted the defendant and sentenced him to pay a fine of fifty dollars and, upon default in the payment thereof, to serve one day in jail for each dollar left unpaid, with costs.

It appears from the evidence that, on a certain afternoon, Jesús Carrión was in a small café, when Mariana Santiago entered to bring some coffee to an employee of the establishment; that Carrión asked Mariana what had become of her, and she answered that she had a job and was earning seven or eight dollars a month, to which Carrión replied that any prostitute could earn that sum; that Mariana answered back that others might do that but not she, and that Carrión then grabbed her by the neck, holding her fast, and slapped her face several times. To that effect was the testimony of the prosecutrix and of Rosario Cajigas, the employee to whom she had served the coffee. The evidence for the defense consisted of the testimony of two witnesses, who stated that there had been an argument between the defendant and the woman Santiago; that she had said to Carrión, upon the latter's remarking that any prostitute could make seven or eight dollars, that that was the way his wife earned it; that Ca-

rrión got up, but that an employee intervened and nothing further happened; and that they did not see Carrión beat the prosecutrix. It was also proved that Carrión is a man between 35 and 38 years old.

The ·conflict in the evidence was properly resolved by the court in favor of the prosecution. Most probably the woman Santiago answered back in an offensive manner the insinuation, likewise offensive, of the defendant in regard to her way of making a living. No doubt the provocation started from Carrión when he hinted or asserted something disparaging to her, whereupon she defended herself in a manner which was to be expected; and he then, taking advantage of his strength, assaulted her. Such is the impression produced by the evidence upon any unprejudiced mind.

The appeal is based on the alleged error of the trial court in weighing the evidence; but it is not even charged that the judge was moved by passion, prejudice or bias, or that he committed manifest and prejudicial error.

We sustain the decision of the court in regard to the evidence and hold that no error whatever was committed.

The judgment appealed from must be affirmed.